IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 2:24-cr-20304 |
| Kamario J. JAMES | : | HON. Susan DeCLERCQ |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its attorneys, Jerome F. Gorgon, Jr., United States Attorney for the Eastern District of Michigan, and C. Barrington Wilkins, Assistant United States Attorney for the District, respectfully submit this Sentencing Memorandum regarding defendant, Kamario J. JAMES, who is scheduled to be sentenced on Thursday, May 15, 2025 at 3 p.m. For the reasons identified hereafter, the government is in agreement with paragraph #87 of the presentence investigation report ("PSR"), wherein it states that the applicable guideline range is 188-235 months.

I. BACKGROUND

The operative facts relative to instant matter are comprehensively detailed in paragraphs 8-13 of the PSR. The salient portions of this investigation demonstrate the following facts: (i) on January 31, 2024, the defendant, knowingly possessed 1.98 kilograms of fentanyl; and, that it was his intention to distribute the same; (ii) prior to the defendant taking physical possession of the parcel – which he believed to contain a distribution quantity of fentanyl – he was observed in the company of other individuals who law enforcement believed to be working in tandem with the defendant to secure custody of the contraband; (iii) following the controlled delivery of the package to the specified mailing address, two vehicles were detected by federal agents "circling the address [where the parcel was previously delivered] over ten times in a thirty-minute time frame." *See* PSR at ¶ 11. Thereafter, the defendant was observed in the company of the drivers of these two vehicles at a local restaurant moments before he traveled to the location and took physical possession of the package; and (iv), after the defendant became aware of the presence of law enforcement at the

˘2˘

scene, he attempted to flee. *See U.S. v. Dillon,* 870 F.2d 1125, 1128 (6th Cir. 1989) ("For flight evidence to be admissible, the timing of flight must itself indicate the sudden onset or the sudden *increase* of fear in the defendant's mind that he or she will face apprehension for, accusation of, or conviction of the crime charged.") The defendant's sudden flight is a strong indicator of scienter.

## GOVERNMENT'S RECOMMENDATION

During the creation of the PSR, it was determined by U.S. Probation that, due to the extent of the defendant's criminal history, he should be categorized as a Career Offender, pursuant to section IV of the U.S.S.G. Consequently, the applicable guidelines range was increased from 121-151 months to 188-235 months. The predominant issue before the sentencing court is, should the defendant be sentenced as a career offender? As an institutional representative, the author is bound by Department of Justice protocol to advocate for a sentence within the appropriate guidelines range, as determined by law. In this particular instance, that range has been determined to be dictated by U.S.S.G § 4B1.1(b).

As guided by the strictures of 18 U.S.C. § 3553(a), the "nature and circumstances" of the instant conviction are extremely serious. On June 13, 2024, the defendant entered a plea of guilty to Count 1 of the Indictment, to wit, "*Possession of Fentanyl with Intent to Distribute*," in violation of 21 U.S.C. § 841(a)(1). *See* 18 U.S.C. § 924(e)(2)(A) (providing a definition for "serious drug offense").

The "history and characteristics" of the defendant indicate that since 2015 he has had constant and repeated contact law enforcement and the criminal justice system. In fact, on June 17, 2013, the defendant was convicted in the state of Kentucky for "*Trafficking in a Controlled Substance*," and sentenced to 18-months in prison. *See* PSR at ¶ 28. Additionally, on January 7, 2016, the defendant was convicted of another drug offense in the state of Virginia. The defendant was given a considerable break in the Virginia case because he was ordered to serve 10-years in custody; however, 9-years of that sentence was suspended. *Id.* at 30. Following his release from the Virginia Department of Corrections ("VDOC"), the defendant engaged in new criminal drug conduct after only being on probation for approximately 4

˘4˘

months. Consequently, he was returned to the VDOC for an additional 11-months. Finally, on April 15, 2019, the defendant was sentenced to three years in custody for an additional controlled substance offense. As a result of these prior state drug convictions, the defendant, pursuant to U.S.S.G. § 4B1.1(b), has been designated in the instant federal case as a "career offender".

The Centers for Disease Control and Prevention (CDC) reported 71,238 deaths in the United States due to fentanyl overdose in 2021. *See [Fentanyl Statistics 2025: Latest Overdose & Addiction Data](#)*. The dramatic increase in fentanyl-related mortality since 2013 is concerning, with nonpharmaceutical fentanyl accounting for the vast majority. Synthetic opioids, including fentanyl, are responsible for more than 150 overdose deaths every day. This situation is being exploited by criminal drug networks, which are making fake prescription tablets that closely resemble legal drugs, contributing to a hazardous epidemic in which 7 out of 10 seized counterfeit pills contain potentially lethal dosages of fentanyl.

## II.  CONCLUSION

Wherefore, lacking DOJ authority to request otherwise, the Government respectfully requests that this Honorable Court sentence the defendant, Kamario J. JAMES, to a guidelines sentence.

                Respectfully submitted,

                JEROME F. GORGON, JR.
                United States Attorney

                s/ *C. Barrington Wilkins*
                Assistant United States Attorney
                211 West Fort Street, Ste. 2001
                Detroit, MI 48226
                (313) 226-9621
                barrington.wilkins@usdoj.gov

Date: Wednesday, May 7, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on Wednesday, May 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Bertram L. JOHNSON, *Esq.*

s/ *C. Barrington Wilkins*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9621
barrington.wilkins@usdoj.gov
